IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy Triplett,                                      Case No. 3:14CV819

           Plaintiff

           v.                                              **ORDER**

Ed Sheldon, Warden, et al.,

           Defendants

       Pending in this case is defendants' motion to dismiss (Doc. 68), in which defendants seek dismissal of several named defendants on the basis that the plaintiff failed to identify them, either by name or as John Does or Jane Does in the administrative process, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and Ohio Admin. Code § 5120–9–31(K).

       On review, it appears that the original grievance form with which the plaintiff began the administrative process did not inform him that, to successfully present his claim in that process, he must either name all individuals involved in the incident or refer to them as John Doe or Jane Doe.

       That appearing so, and absent any evidence that the plaintiff, at the time he prepared his grievance, had effective constructive notice of that requirement, the question arises as to whether, as a matter of due process of law, and, as well, consistent with the plaintiff's right to petition this court for a redress of grievances under the First Amendment, the defendants can lawfully be entitled to dismissal on the basis of a putative failure to exhaust.

Most simply put: is it consonant with the plaintiff's rights under the First Amendment and Due Process Clause for the defendants to invoke the failure to exhaust where the plaintiff, at the time he began the predicate administrative process, was not on actual, rather than merely constructive, notice that he needed, absent knowledge of the identities of those against whom he is filing the grievance, denominate such unidentified individuals as John Doe or John Doe?

In light of the foregoing, it is hereby

ORDERED THAT:

1. The pending motion to dismiss (Doc. 68) shall be deemed withdrawn, without prejudice; and

2. Leave be, and the same hereby is, granted to the defendants to file by March 12, 2018, a renewed motion to dismiss addressing, *inter alia*, the foregoing question in addition to making such other arguments as the defendants deem appropriate; opposition due by April 2, 2018; reply due by April 10, 2018.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge