IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Timothy Triplett, | 3:14-cv-00819 |
| Plaintiff, | Judge James G. Carr |
| v. | **ORDER** |
| Benjamen Madrid, | |
| Defendant. | |

This is a prisoner excessive force case filed under 42 U.S.C. § 1983. Pending is the State of Ohio's (as an interested party) Second Motion for Summary Judgment (Doc. 143). Plaintiff, through counsel, asserts he could not find an oppositional case and therefore concurs with the State's analysis. (Doc. 145). That being so, I grant the State's motion.

Before doing so, I provide a brief synopsis of the circumstances as they now exist and which lead to the need to dismiss the plaintiff's case.

When he filed his complaint in 2014, plaintiff, then *pro se,* named ten defendants and a John Doe. (Doc. 1). Plaintiff filed an amended complaint in 2017 adding five additional defendants. (Doc. 66). During the course of prior proceedings, I dismissed all defendants except defendant Madrid, leaving him as the sole defendant in a possible trial. (Docs. 4, 88).

However, before the trial date, Mr. Madrid died.

In the meantime, I had assigned Wesley M. Miller, Esq. in 2016 to represent the plaintiff *pro bono publico*.[1] It became necessary to learn whether Mr. Madrid had left an estate that could

---

[1] In accepting the assignment, Mr. Miller became eligible to receive, from our Attorney Admission Fund, reimbursement for his out of pocket costs.

1

be accountable if plaintiff received a damages award, I authorized Mr. Miller to open an estate, file a suggestion of death, and secure appointment of a Special Administrator, to be substituted for Mr. Madrid.

Mr. Miller did just that. Also pending is Plaintiff's Motion to Substitute Party for Defendant Madrid (Doc. 133). In this motion, Mr. Miller attests, "Plaintiff has engaged Kevin McManus, Esq….to open an estate for the decedent Madrid and serve as Special Administrator." He seeks to substitute Mr. McManus for the decedent Madrid. (*Id.*, pgID 981). The State of Ohio filed its Opposition (Doc. 134).[2] Plaintiff filed a Reply (Doc. 140), which prompted the State to file a Sur-Reply (Doc. 142).

It appears that there is no dispute that there are no assets available that could satisfy judgment. The State seeks dismissal of the case on the grounds of "prudential mootness" – a variant of the case and controversy doctrine. (See, Doc. 143, citing *Sharp v. FCA United States LLC*, No. 21-12497, 2022 U.S. Dist. LEXIS 194163, at *15 (E.D. Mich. 2022); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *DeFunis v. Odegaard*, 416 U.S. 312, 316, (1974); *Greenbaum v. EPA*, 370 F.3d 527, 534-35 (6th Cir. 2004); and *Foley v. Resolution Trust Corp.*, No. 89-5379, 1990 U.S. Dist. LEXIS 14636 (E.D. La. 1990)).

The plaintiff concurs with the State's citations. (Doc. 145). And I agree – as the law entirely justifies – that dismissal is necessary.

---

[2] The State argues the Court "has no authority to finance an indigent plaintiff's litigation costs even though he has been granted leave in forma pauperis" under 28 U.S.C. § 1915. (Doc. 142, pgID 1021). Further, the State argues Mr. Madrid left no estate. (*Id*, pgID 1022). There are no assets available to satisfy a plaintiff-favorable verdict, and appointment of a Special Administrator would be hostile to that of Mr. Madrid's widow and her three young children. (*Id.* at pgID 1023). Finally, the State, citing O.R.C. §2117.06(C) argues substitution of Mr. McManus at this late stage is prohibited as it falls well beyond the six-month statute of limitations imposed at the time of Mr. Madrid's death. (*Id.* at 1024).

It is therefore unnecessary to address and resolve the dispute about whether I should substitute the Special Administrator for defendant Madrid. Therefore, I overrule, without prejudice, Plaintiff's Motion to Substitute (Doc. 133). Nonetheless, I am of the view that the Special Administrator's appointment served a useful function: namely to provide an indisputable factual basis, that may have otherwise been lacking, for the State's contention that Mr. Madrid had no assets at the time of death.

It is, accordingly, hereby

ORDERED THAT:

(1) Plaintiff's Motion to Substitute Party for Defendant Madrid (Doc. 133) be, and the same is hereby, **OVERRULED**; and

(2) The State of Ohio's (an interested party) Second Motion for Summary Judgment (Doc. 143) be, and the same is hereby, **GRANTED,** and this case is hereby dismissed.[3]

So ordered.

/s/ James G. Carr     3/17/2023
Sr. U.S. District Judge

---

[3] I would be grievously remiss if I did not mention, commend, and express sincere appreciation for Mr. Miller's services. For decades he has accepted assignments in *pro se* prisoner cases. Always when he has done so, he has served willingly, faithfully, and competently.